UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ACE AMERICAN INSURANCE
COMPANY, etc.,

    Plaintiff,

v.                    CASE NO.  8:07-CV-1473-T-17TBM

FIRST CHOICE MARINE, INC.,
et al.,

    Defendants.
_____/

ORDER

This cause is before the Court on:

    Dkt. 33  Motion for Leave to Amend and
              For Reconsideration
    Dkt. 38  Response

Plaintiff Ace American Insurance Company moves for reconsideration of the Court's Order granting dismissal of Counts III and IV (Dkt. 33), and moves for leave to amend the Complaint.

Defendant Mercury Marine, an unincorporated division of Brunswick Corporation, opposes Plaintiff's Motion for Reconsideration and Leave to Amend.

I.  Standard of Review
A.  Reconsideration

    The decision to grant a Motion for Reconsideration is within the sound discretion of the trial court and will only be granted to correct an abuse of discretion. Region 8 Forest Serv. Timber Purchases Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993). In fact, there are three bases for reconsidering an order: "(1)

Case No. 8:07-CV-1473-T-17AEP

an intervening change in controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994). See also: Lamar Adver. of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

Furthermore, a Motion for Reconsideration does not provide an opportunity to simply reargue, or argue for the first time, an issue the Court has once determined. Court opinions are "not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988). The reconsideration of a previous order is an "extraordinary remedy" and "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Ludwig v. Liberty Mutual Fire Ins. Co., 2005 WL 1053691 (citing Lamar, 189 F.R.D. at 489 (M.D.Fla. 1999)).

B. Leave to Amend

A decision whether to grant leave to amend is within the discretion of the district court. Foman v. Davis, 371 U.S. 178, 182 (1962). Leave "shall be freely given when justice so requires." Id. A court should deny leave to amend a pleading when: 1) the amendment would be prejudicial to the opposing party; 2) there has been bad faith or undue delay on the part of the moving party, or 3) the amendment would be futile. Foman, 371 U.S. at 182.

Case No. 8:07-CV-1473-T-17AEP

II. Plaintiff's Motion

Plaintiff Ace American Insurance Company argues that the Court dismissed Counts III and IV on a Motion to Dismiss without providing leave to Amend, and without applying the proper standards, treating the Motion to Dismiss as though one for summary judgment. Plaintiff Ace American argues that the Court improperly resolved substantial disputed issues of both law and fact, while considering the presentation of "facts" by only one party.

As to Count III, Plaintiff argues that there is no written bailment agreement, and the Court's determination that the warranty agreement forms the basis of the bailment count is not correct. Plaintiff argues that the warranty agreement documents do not directly address the issues presented by the facts and as a result the case is one of ordinary negligence, or breach of implied contract terms. Plaintiff argues that the parties' practice as to agency diverges significantly from the warranty document. Plaintiff argues that the law of agency requires the Court to consider other relevant facts, and not rely on a self-serving document written by one party. Plaintiff further argues that the Court erroneously relies on the absence of an allegation that the boat was delivered to Mercury, basing this determination on a view of agency that has pre-judged the issue. Plaintiff argues that missing allegations can and should be allowed to be cured by amendment.

As to Count IV, Plaintiff argues that the Court has misunderstood the nature of Plaintiff's claim, and has relied on case law that does not apply to this case.

3

Case No. 8:07-CV-1473-T-17AEP

III. Defendant Mercury Marine's Response

Defendant Mercury Marine ("Mercury") responds that Plaintiff Ace American Insurance Company has not set forth facts or law of a convincing nature to induce the Court to reverse its prior decision on the breach of bailment claim or the breach of contract claim.

Defendant Mercury argues that a bailment does not arise unless [there is] delivery to the bailee, and he has exclusive possession of the bailed property, even as against the property owner. Defendant Mercury further argues that there can be no bailment when the property was allegedly in the possession of two defendants. Ice Fern Shipping Co. v. Golten Serv. Co., 2005 WL 3692840 (S.D. Fla. 2005)(case properly dismissed against WNA where Complaint alleged that the cargo was in possession of both defendants, because plaintiffs failed to allege that the WNA had exclusive possession of the cargo).

As to Count IV, Defendant Mercury Marine responds that Plaintiff has not come forward with facts showing that there is privity of contract between Mercury Marine and its insured, which is required to establish a breach of implied warranty.

IV. Analysis

A. General Principles

At the outset, in determining a motion to dismiss, the Court is limited to the well-pleaded facts alleged within the complaint, and the reasonable inferences drawn from those facts.

4

Case No. 8:07-CV-1473-T-17AEP

A complaint must plead sufficient facts which, taken as true, state a claim for relief which is plausible on its face. In Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260-61 (11th Cir. 2009), the Eleventh Circuit Court of Appeals notes:

> Although it must accept well-pled facts as true, the court is not required to accept a plaintiff's legal conclusions. *Ashcroft v. Iqbal,* 556 U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (noting "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). In evaluating the sufficiency of a plaintiff's pleadings, we make reasonable inferences in Plaintiff's favor, "but we are not required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.,* 416 F.3d 1242, 1248 (11th Cir.2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. *Id.; see also Iqbal,* 129 S.Ct. at 1951 (stating conclusory allegations are "not entitled to be assumed true").
>
> A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face. *See Iqbal,* 129 S.Ct. at 1950 (explaining "only a complaint that states a plausible claim for relief survives a motion to dismiss"); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 561-62, 570, 127 S.Ct. 1955, 1968-69, 1974, 167 L.Ed.2d 929 (2007) (retiring the prior "unless it appears beyond doubt that the plaintiff can prove no set of facts" standard). In *Twombly,* *1261 the Supreme Court emphasized a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1965. Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555, 127 S.Ct. at 1964-65 (internal citations and emphasis omitted).
>
> More recently, in *Iqbal,* the Supreme Court reiterated that although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 129 S.Ct. at 1949. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss. *Id.* The well-pled

5

Case No. 8:07-CV-1473-T-17AEP

allegations must nudge the claim "across the line from conceivable to plausible." *Twombly,* 550 U.S. at 570, 127 S.Ct. at 1974.

Documents which are not attached to the complaint but attached to a motion to dismiss may be considered when those documents are central to the claim and the contents of the documents are not disputed. <u>Bryant v. Avado Brands, Inc.</u>, 187 F.3d 1271 fn. 16 (11th Cir. 1999). Based on allegations within the Amended Complaint, the Court considered the warranty documents provided by Defendant Mercury (Dkt. 19-1).

Plaintiff Ace has filed depositions along with Plaintiff's Motion for Reconsideration. The Court did not consider matters outside the pleadings in ruling on the Motion to Dismiss, and will not do so in ruling on Plaintiff's Motion for Reconsideration.

In the First Amended Complaint, Plaintiff alleges that jurisdiction is predicated on 28 U.S.C. Sec. 1333 or predicated on 28 U.S.C. Sec. 1332. Plaintiff Ace did not specify what law controls the causes of action alleged in Counts III and IV of the Amended Complaint.

In the Amended Complaint, Plaintiff Ace alleges that Defendant Mercury Marine contracted with Steven Hays by providing a written warranty for the engines that were on Mr. Hays' vessel. A contract for the purchase of a vessel is not a maritime contract. In the Court's previous order, the Court, after considering the provisions of the Limited Warranty Agreement, concluded that the Limited Warranty Agreement between Steven Hays and Defendant Mercury Marine was part of the initial purchase of the vessel. The Court therefore considered Count III only under

Case No. 8:07-CV-1473-T-17AEP

Florida law.

The Court notes that Plaintiff alleges Plaintiff and Defendant Mercury Marine entered into a contract for warranty repairs, and alleges that Steven Hays took his boat and engines to First Choice Marine, Inc. for warranty repairs. A contract for repair of a vessel is a maritime contract. <u>Reel Therapy Charters, Inc. v. Marina Management, Inc.</u>, 2003 WL 23514559 (N.D. Fla. 2003); <u>Complaint of Lady Jane, Inc.</u>, 818 F.Supp. 1470 (M.D. Fla. 1992).

B.  Count III - Breach of Bailment Contract v. Mercury Marine

1.  Controlling Law

In its prior order, the Court relied on Florida law. Plaintiff Ace American Insurance Company has moved for reconsideration of the Order dismissing Counts III and IV. The Court now understands that in Count III Plaintiff Ace seeks to allege a cause of action for breach of an oral bailment contract between Plaintiff's insured and Defendant Mercury Marine. Since Plaintiff's insured was seeking repair by means of the oral bailment contract, federal common law controls rather than state contract law. Under federal common law:

> Bailment is the delivery of goods or personal property to the bailee in trust, under an express or implied contract, which requires the bailee to perform the trust and either to redeliver the goods or otherwise dispose of the goods in conformity with the purpose of the trust. Under general admiralty law, bailment does not arise unless delivery to the bailee is complete and he has exclusive

Case No. 8:07-CV-1473-T-17AEP

> possession of the bailed property, even as against the property owner.

See Thyssen Steel Co. v. M/V Karo Yerakas, 50 F.3d 1349 (5th Cir. 1995). However, applying federal common law to the cause of action in Count III does not change the result reached in the Court's previous order.

2. Does Count III allege a bailment contract?

In the Amended Complaint, Plaintiff alleges:

> . . . .
>
> 3. Defendant, First Choice Marine, Inc. was and still is a Florida corporation with its principal place of business at 2509 24th Ave North, St. Petersburg, Florida 33713, that is a boat repair dealer and repair facility that was going to perform warranty repairs to the vessel owned by Steven Hays.
>
> 4. Defendant, Mercury Marine Corporation was and still is a corporation that was and still is doing business [in] St. Petersburg, Florida and contracted with Steven Hays by providing a written warranty for the engines that were on Mr. Hays' boat.
>
> . . . .
>
> **COUNT III - BREACH OF BAILMENT CONTRACT V. MERCURY MARINE**
>
> 13. Plaintiff re-alleges and incorporates herein paragraphs 1 through 4 above and further states as follows:
>
> 14. Plaintiff and Defendant, Mercury Marine Corporation, entered into a contract for warranty repairs to the engines on the vessel owned by Steven Hays and insured by the Plaintiff.

8

Case No. 8:07-CV-1473-T-17AEP

15. Defendant, Mercury Marine Corporation, through its agents, told Steven Hays to take his boat to Defendant, First Choice Marine, Inc. for warranty repairs.

16. On or about December 7, 2006, Steven Hays took his boat and engines to have the Mercury Marine warranty repairs done by Defendant, First Choice Marine, Inc. As a result of the Defendant, Mercury Marine's negligence in failing to make sure that First Choice Marine had adequate security measures, the vessel was stolen from First Choice Marine's possession. The bailment contract was between Plaintiff and Defendant, Mercury Marine and Mercury Marine is liable for its subcontractor's negligence in not having adequate security and liability insurance.

17. As a direct and proximate cause of the breach of bailment contract by Defendant, Mercury Marine Corporation, the Plaintiff has sustained damages.

WHEREFORE, Plaintiff requests that this Court enter judgment against the Defendant in full amount of Plaintiff's damages plus prejudgment interest and costs.

a) Exclusive Possession

When a vessel is placed at a wharf or dock for storage and/or repairs, a bailment results for the mutual benefit of the owner of the vessel and the operator of the wharf or dock. Stegeman v. Miami Beach Boat Slips, 213 F.2d 561, 564 (5th Cir. 1954). In order for a bailment to exist, the bailee must have voluntarily assumed the custody and possession of the property for another. Dunavent Enterprises, Inc v. Strachan Shipping Compoany, 730 F.2d 665 (11th Cir. 1984).

Case No. 8:07-CV-1473-T-17AEP

A bailment arises only upon delivery of the property sought to be bailed. In the Amended Complaint, Plaintiff Ace American Insurance Co. does **not** allege that Steven Hays took his boat and engines to Defendant Mercury Marine, and left the boat and engines in the custody of Defendant Mercury Marine. The Court accepts the truth of Plaintiff's allegation that Steven Hays took his boat and engines to Defendant First Choice Marine, Inc. Plaintiff's allegation that Steven Hays took his boat and engines to Defendant First Choice Marine, Inc. excludes any possibility that Steven Hays put his boat and engines within the exclusive possession of Defendant Mercury Marine.

The Court recognizes that when a bailee entrusts bailed property to a third party without the consent of the bailor, and the property is lost or damaged while in the custody of the third party, courts have held that the bailee is liable to the bailor for the loss or damage regardless of whether the bailee was negligent. First American Bank, N.A. v. District of Columbia, 583 A.2d 993 (D.C. 1990). However, in this case, Plaintiff Ace alleges that Steven Hays, Plaintiff's insured, took his boat and engines to Defendant First Choice Marine, Inc. for the warranty repairs to be performed. If there was an oral bailment contract for warranty repairs between Steven Hays and Defendant Mercury Marine, Defendant Mercury Marine did not entrust the bailed property to Defendant First Choice Marine, Inc. without the knowledge and consent of Steven Hays.

Where the delivery of a vessel is not complete, as when the owner remains with it, or has an independent agent or employee responsible for it, or for certain aspects of its care, there is

10

Case No. 8:07-CV-1473-T-17AEP

a corresponding limitation on the bailment and the duty of the bailee. Stegeman v. Miami Boat Slips, Inc., 213 F.2d 561, 565 (5th Cir. 1954)(internal citations omitted). Plaintiff Ace does not allege that the delivery to Defendant First Choice Marine was not complete i.e. that Steven Hays, the owner, remained with the vessel after delivery to First Choice Marine Inc.

Plaintiff does not allege that Defendant Mercury Marine and Defendant First Choice Marine are one entity, or that Defendant Mercury Marine had the right of access to the boat after Steven Hays left his boat in the custody of First Choice Marine, Inc. There was only one boat; Steven Hays' boat could not be in two places at the same time, nor within the exclusive possession of more than one bailee. The Court concludes Plaintiff's claim against Mercury Marine for breach of an oral bailment contract cannot succeed, even if the Court granted leave to amend, because Plaintiff did not, and cannot, allege that Plaintiff's insured put his boat and engines within the exclusive possession of Defendant Mercury Marine.

The Court notes that Plaintiff Ace alleges that Defendant First Choice Marine's principal place of business is 2509 24th Avenue North, St. Petersburg, Florida, 33713. Plaintiff Ace alleges that Defendant Mercury Marine is a corporation that does business in St. Petersburg, Florida, and which contracted with Plaintiff's insured, Steven Hays by providing a written warranty for the engines that were on Mr. Hays' boat. Plaintiff Ace does not identify the address of the Mercury Marine dealership where Plaintiff's insured contracted with Mercury Marine. Because it will clarify the issues that must be resolved in this case, the Court directs Plaintiff Ace to file an Amended Complaint which

11

Case No. 8:07-CV-1473-T-17AEP

identifies the address where Plaintiff's insured and Mercury entered into the written warranty contract for the engines that were on Steven Hays' boat.

After consideration, the Court **denies** the Motion for Reconsideration as to Count III. The Court directs Plaintiff Ace to file an amended complaint which identifies the address where Plaintiff's insured and Defendant Mercury Marine entered into the written warranty contract, and otherwise **denies** the Motion for Leave to Amend as to Count III.

C.  Count IV - Breach of Contract v. Mercury Marine

1.  Controlling Law

In the previous order, the Court concluded that the Limited Warranty Agreement was part of the initial purchase of the vessel and therefore controlled by state law, not admiralty law. The Court ruled previously based on the Court's belief that Plaintiff's cause of action was for breach of the Limited Warranty Agreement. The Court now notes that Plaintiff Ace alleges that Plaintiff and Defendant Mercury Marine Corporation entered into an oral contract for warranty repairs to the engines of the vessel owned by Hays and insured by Plaintiff. In ruling on a motion to dismiss, the Court must consider Plaintiff's factual allegations to be true. In considering the correct choice of law, the Court relies on Plaintiff's factual allegation that Plaintiff's insured and Defendant Mercury Marine entered into an oral contract for warranty repairs. Since a contract for warranty repairs is a maritime contract, the Court will address this issue under admiralty law. Defendant Mercury Marine and

Case No. 8:07-CV-1473-T-17AEP

Plaintiff Ace American do not explain why the parties have argued in terms of Florida law.

2.   Contract for Warranty Repairs

Plaintiff alleges that Plaintiff and Defendant Mercury Marine Corporation entered into a contract for warranty repairs to the engines on the vessel owned by Steven Hays and insured by Plaintiff (Dkt. 8, p. 4, Par. 19).  Plaintiff includes no allegations as to when and where Steven Hays and Defendant Mercury Marine entered into the alleged contract, nor does Plaintiff identify the terms of the contract.

Plaintiff Ace alleges that:

> "On or about December 7, 2006, Steven Hays took his boat and engines to have the Mercury Marine warranty repairs done by Defendant, First Choice Marine, Inc.  As a result of the Defendant, First Choice Marine, Inc.'s negligence, the vessel was stolen from their possession.  Implied in the contract between Steven Hays and Mercury Marine is that Mercury Marine would fix the engines that were under warranty itself or that they would use subcontractors to do this work that have adequate security and liability insurance.  Defendant First Choice Marine, Inc. did not have adequate security and liability insurance and Defendant Mercury Marine is liable for its breach of contract with the Plaintiff.
>
> As a direct and proximate result of the breach of contract by Mercury Marine, the Plaintiff has sustained damages."

Case No. 8:07-CV-1473-T-17AEP

Based on the above allegations, the Court assumes that Defendant Mercury Marine's role in the alleged contract for repairs was to direct Plaintiff's insured, Steven Hays, to a dealer authorized to perform the repairs.

The elements of a breach of contract claim are: 1) a valid contract; 2) a material breach, and 3) damages. The Court notes that this case does not involve a personal injury, only economic losses  For the purpose of this Motion, the Court accepts the truth of Plaintiff's factual allegation that Plaintiff's insured and Defendant Mercury Marine entered into an oral contract for warranty repairs which consisted of Defendant Mercury Marine telling Steven Hays to take his vessel to Defendant First Choice Marine, Inc. for the repairs to be performed.

3.   Implied Duty to Perform Repairs

In this case, the parties had a written agreement which spelled out the limited warranty which covered the vessel of Plaintiff's insured.  The Court now recognizes that the Limited Warranty Agreement is separate from the oral contract for warranty repairs which is the subject of this breach of contract claim.  Some provisions of the Limited Warranty Agreement directly relate to Plaintiff's breach of contract claim.

Plaintiff's claim is based in part on the alleged breach of Defendant's implied duty to perform the warranty repairs itself. However, Limited Warranty Agreement states that warranty service is obtained by "delivering the product for inspection to a Mercury dealer authorized to service the product." (Dkt. 19-2, p. 14).  The Agreement further provides that the "Purchaser shall

Case No. 8:07-CV-1473-T-17AEP

not, unless requested by Mercury, ship the product or parts of the product directly to Mercury." The Agreement further provides:

> "Labor performed by other than an authorized dealer may be covered only under the following circumstances: When performed on an emergency basis (providing there are no authorized dealers in the area who can perform the work required or have no facilities to haul out, etc., and prior factory approval has been given to have the work performed at this facility)."

The above provisions signal that the intent of the parties was that authorized dealers would perform warranty repairs, not Mercury Marine, the manufacturer, itself. The express provisions are plainly stated and do not require interpretation. The above provisions exclude a breach of contract claim based on Defendant's implied duty to perform the warranty repairs itself.

3.  Warranty of Workmanlike Performance

The warranty of workmanlike performance is an implied warranty imposed on a maritime service contractor which requires services to be performed with reasonable care, skill and safety. Vierling v. Celebrity Cruises, Inc., 339 F.3d 1309, 1315 (11th Cir. 2003); Coffman v. Hawkins & Hawkins Drilling Co., Inc., 594 F.2d 152, 154 (5th Cir. 1979)("[I]ndependent shore-based contractors that go aboard a vessel by the owner's arrangement or by his consent to perform service for the ship's benefit impliedly warrant to the shipowner that they will accomplish their task in a workmanlike manner. The essence of the contractor's warranty of workmanlike performance is to perform its work properly and safely.").

Case No. 8:07-CV-1473-T-17AEP

Plaintiff Ace identifies Defendant First Choice Marine, Inc. as the entity which was to perform the warranty repairs. Since Plaintiff alleges that Defendant First Choice Marine, Inc. was to perform the warranty repairs, any breach of the warranty of workmanlike performance must be directed to Defendant First Choice Marine, Inc.

4.  Limitation of Liability

Within the Limited Warranty Agreement, Defendant Mercury Marine outlines: 1) the duration of coverage; 2) conditions that must be met in order to obtain warranty coverage; 3) Mercury's limited obligations; 4) how to obtain warranty coverage; and 5) what is not covered. (Dkt. 19-1, pp. 8-9, 14-15). There is a conspicuous notice of disclaimer and limitations as to the implied warranties of merchantability and fitness for a particular purpose. Incidental and consequential damages are expressly excluded (Dkt. 19-1, pp. 10, 15). The Limited Warranty Agreement explains the scope of warranty coverage, and general exclusions from coverage (Dkt. 19-1, pp. 16-17).

Parties to a contract for the repair of a vessel may validly agree to limit the repairer's liability. Edward Leasing Corp. V. Uhlig & Associates, Inc., 785 F.2d 877, 888 (11th Cir. 1986). To be enforceable, the limited liability clause must clearly and unequivocally indicate the parties' intention. As noted above, Defendant's disclaimer and the express limitation of liability are set off in a separate box, and are stated in plain English in bold-faced capital letters. (Dkt. 19-1, pp. 10, 15).

16

Case No. 8:07-CV-1473-T-17AEP

In addition, the limitation must not absolve the repairer of all liability and must provide a deterrent to negligence. <u>Bisso v. Inland Waterways Corp.</u>, 349 U.S. 85, 90-91 (1955). The Limited Warranty Agreement provides:

> **WHAT MERCURY WILL DO:** Mercury's sole and exclusive obligation under this warranty is limited to, at our option, repairing a defective part, replacing such part or parts with new or Mercury Marine certified re-manufactured parts, or refunding the purchase price of the Mercury product. Mercury reserves the right to improve or modify products from time to time without assuming an obligation to modify products previously manufactured.

(Dkt. 19-1, p. 3).

The Limited Warranty Agreement does not absolve Defendant Mercury Marine of all liability, and provides a deterrent to negligence by exposing Defendant Mercury Marine to the risk of refunding the purchase price of the Mercury product.

In addition, the parties must be of equal bargaining power to prevent overreaching. Plaintiff has alleged no facts within the Amended Complaint from which the Court can infer overreaching. Plaintiff's insured elected to purchase the Mercury Marine product, which was subject to the provisions of the Limited Warranty Agreement. Plaintiff's insured was free to choose another product if the terms of the Limited Warranty Agreement were not acceptable.

Case No. 8:07-CV-1473-T-17AEP

It is not appropriate for the Court to determine the limitation of liability clause is enforceable in determining Plaintiff's Motion to Dismiss. After consideration, the Court concludes that Count IV states a claim for breach of the warranty of workmanlike performance as to the oral contract for repairs which Plaintiff's insured entered into with Defendant Mercury Marine. The Court therefore **grants** Plaintiff's Motion for Reconsideration as to Count IV. Accordingly, it is

**ORDERED** that the Motion for Reconsideration and Motion for Leave to Amend is **denied** as to Count III, and the Motion for Reconsideration is **granted** as to Count IV.

DONE and ORDERED in Chambers, in Tampa, Florida on this 29th day of July, 2010.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record